```
United States of America,       )
                                )
                Plaintiff,      )
                                )
        v.                      )
                                )   No. CR-10-0217-DLJ
Juan Ramon Hernandez-Martinez,  )
                                )   ORDER
                Defendant.      )
_____ )
```

On November 2, 2010, defendant pled guilty to a violation 8 U.S.C. § 1326, Illegal Entry Following Deportation. On March 22, 2011, this Court sentenced defendant to 21 months imprisonment, 3 years supervised and a $100 mandatory special assessment fee.

On April 3, 2011, defendant filed a motion to stay judgment of the sentence and to reopen the sentencing hearing. The Court held a hearing on the Motion on April 19, 2011. Defendant was represented at the hearing by attorney Vicki Young and the government was represented by AUSA Suzanne DeBerry. Having reviewed the papers and having heard oral argument on this matter, the Court finds the following.

I. Background

Juan Ramon Hernandez-Martinez was sentenced by this Court on Tuesday March 22, 2011. Prior to the sentencing hearing defense counsel had filed objections to the factual statements contained in the Pre-Sentence Report (PSR) regarding the defendant's 1994 California State Court conviction for Penal Code § 243.4. The PSR described the arrest, conviction and sentence for the prior sentence, as well as a description of the conduct by the defendant and a co-defendant named Zamora

associated with the incident.

Defense counsel objected that the statements regarding this conviction were not reliable, and that the Court should not consider them in imposing sentence. Defense counsel had ordered the trial transcript for the co-defendant Zamora and requested that the matter be continued until she had received it. The Court declined to do so. The Court explained that the fact that defendant had been convicted of a state violation in 1994 was properly before the Court as a sentencing circumstance but that it would not consider the PSR statements as to the underlying offense conduct in deciding the sentence to be imposed. The Court determined that, but for those circumstances, the information before it was sufficient to proceed with sentencing.

The Pre-Sentence Report indicated that defendant fell into Criminal History Category IV. At the sentencing hearing, defense counsel argued that the court either should depart downward to Criminal History Category III or should sentence defendant at the middle the advisory guideline range for Criminal History Category IV, a sentence of 18 months.

The Court found that defendant was appropriately in criminal history IV based on a point count that did not include the 1994 state conviction as it was too old; that the base offense level was 10; and that the advisory guideline range was 15-21 months. The Court sentenced defendant within the guideline range to a sentence of 21 months. In fashioning the sentence the Court looked to the totality of circumstances

2

1  including defendant's prior criminal record.

2  Subsequent to sentencing defense counsel obtained a trial
3  transcript for the proceedings in the 1994 case which only
4  involved the co-defendant Zamora. The transcript of that case
5  revealed that the sentencing Judge, in an aside and in
6  retrospect, had reservations about Hernandez-Martinez' role and
7  in the offense and about the Judge's acceptance of defendant's
8  plea of guilty to an included offense. See TX, Volume VI,
9  People v. Rigoberto Espino Zamora, Case H013201, p. 1444,
10 attached as Exhibit A to defendant's Motion.  No action was
11 taken at that time by the state court or anyone else to have
12 Hernandez-Martinez' conviction in the state action overturned
13 and his record of convictions stands as stated in the Pre-
14 Sentence Report.

15 Defendant argues that the Judge's statement in the Zamora
16 case is a sufficient basis for this Court to revisit the
17 sentence it imposed on Hernandez-Martinez.

18 II.  Legal Standard

19 Federal Rule of Criminal Procedure 35(c) allows a district
20 court to alter a sentence only to "correct a sentence that was
21 imposed as a result of arithmetical, technical, or other clear
22 error" within seven days of the "imposition of sentence."
23 Subpart 35(c) provides that, "[a]s used in this rule,
24 'sentencing' means the oral announcement of the sentence." The
25 authority of the district court to modify a sentence pursuant
26 to Rule 35 is severely limited.  See Advisory Committee Notes
27 concerning the 1991 Amendment to Rule 35.

28

3

III. Discussion

The Court has reviewed the proscriptions of Rule 35 and finds no basis in the Rule which would allow the Court to revisit the sentence were it inclined to do so. Moreover, even if the Court had the authority to change the sentence, the Court would not have imposed a different sentence based on the state court Judge's comments in the Zamora case.

The Court notes first that the sentence it imposed upon defendant was within the advisory guideline range. Nor does anything which defendant has submitted change the calculation of defendant's criminal history, as the objective fact of the earlier conviction still stands despite any misgivings the trial court may have had about it subsequently. Moreover, while the Court considered the fact of the 1994 conviction as part of the totality of circumstances before the Court in the sentencing hearing. The Court did not use the substance of that conviction or its underlying circumstances in any way in imposing the sentence for the defendant. The Court would have carried out the same analysis even if it had known of the state court Judge's comments.

IV. Conclusion

For all of the reasons state above, the Court DENIES defendant's Motion for Reconsideration or to Reopen Sentence.

IT IS SO ORDERED.

Dated: April 22, 2011

D. Lowell Jensen
United States District Judge

4